UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>G4S-SJC, LLC, *et al.*,<br><br>    Defendants. | Case No.  C12-1410RSL<br><br>ORDER DENYING MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES |

      This matter comes before the Court on "G4S-SJC, LLC's Motion for Leave to Serve Additional Interrogatories." Dkt. # 30. Pursuant to Fed. R. Civ. P. 33, parties are limited to 25 written interrogatories, including all discrete subparts, "[u]nless otherwise stipulated or ordered by the Court." At the outset of the case, the Court asked the parties "[w]hat changes should be made in the limitations on discovery imposed under the Federal and Local Civil Rules, and what other limitations should be imposed." Dkt. # 11 at 2. After conferring pursuant to Fed. R. Civ. P. 26(f), the parties noted that "no changes or discovery limitations are contemplated at this time." Dkt. # 26 at 3. G4S-SJC's primary counsel, who did not participate in the 26(f) conference, incorrectly (and unreasonably) presumed that this statement abrogated all discovery limits imposed by the Federal Rules of Civil Procedure. When G4S-SJC served 60 interrogatories, Heko

1 Services responded to the first 25 and refused to answer the rest.

2 G4S-SJC now seeks permission to serve a total of 70 interrogatories on the
3 theory that written questions will reduce the need to conduct depositions outside the
4 country.  This matter arises out of a payment dispute related to tug and barge services
5 provided by Heko Services to G4S-SJC.  Heko Services seeks to recover the value of
6 those services from both G4S-SJC and the insurance companies who acted as surety on
7 the underlying Miller Act payment bond.  Although the services plaintiff provided
8 spanned much of the globe, the dispute centers on a domestic contract and bond.  G4S-
9 SJC has not explained why depositions across the world will be necessary or how
10 allowing almost three times the normal number of interrogatories will forestall that need
11 if, in fact, it exists.

12 The leave of Court requirement was intended to provide an opportunity for
13 judicial scrutiny before parties make excessive use of a discovery device that has the
14 potential of being both costly and harassing.  Advisory Committee Notes to the 1993
15 Amendments.  G4S-SJC has not provided enough information for the Court to evaluate
16 whether this case requires an extraordinary number of interrogatories or even whether a
17 few discrete additional inquiries should be permitted.  The motion for leave to serve
18 additional interrogatories (Dkt. # 30) is therefore DENIED.

19
20 Dated this 23rd day of May, 2013.
21
22                              Robert S. Lasnik
                                 United States District Judge
23
24
25
26

ORDER DENYING MOTION FOR LEAVE TO
SERVE ADDITIONAL INTERROGATORIES - 2